UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO: 21-mc-00680

IN RE: MOTION TO QUASH
SUBPOENA FOR DEPOSITION
SERVED ON DAVID FRIEND
_____/

NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT
OF MOTION TO QUASH FED. R. CIV. P. 45 SUBPOENA FOR
DEPOSITION DIRECTED TO DAVID FRIEND OR, IN THE
ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

COMES NOW CBS Television Stations Inc., CBS Broadcasting, Inc., and CBS Corporation (collectively, "Movant" or "CBS"), by and through undersigned counsel, hereby file this Notice of Supplemental Authority in Further Support of Motion to Quash or, in the Alternative, Motion for Protective Order ("Motion") filed on August 18, 2021 (ECF No. 1). Among other things, the Motion presents the question of whether a Plaintiff Silva Harapeti has made the requisite showing that the deposition of one of Movant's former executives, David Friend ("Mr. Friend"), is appropriate under the apex doctrine. *See generally* Motion (ECF No. 1) at 7–22. Mr. Friend's deposition is being pursued by Plaintiff Harapeti via subpoena issued from the U.S. District Court for the Southern District of Florida, Case No. 20-cv-22995 (the "Florida Action").

On August 26, 2021, the Florida Supreme Court formally adopted the apex doctrine in codifying an amendment to Florida Rule of Civil Procedure 1.280. *See In re: Amendment to Florida Rule of Civil Procedure 1.280*, No. SC21-929 (Aug. 26, 2021), attached hereto as **Exhibit A**. This codification brings the apex doctrine under Florida law in conformity with the law of the Eleventh Circuit and, more importantly, this District, as set forth in the Motion (ECF No. 1) and Reply (ECF No. 10). Indeed, the Florida Supreme Court acknowledges that "[v]irtually every

1

court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment." *In re: Amendment to Florida Rule of Civil Procedure 1.280*, No. SC21-929, at 6–7 (Aug. 26, 2021) (quoting *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007)). Further, Florida's new rule expressly extends the protections to former high-level corporate officers, *id.* at 8–11, such as Mr. Friend. The "anti-harassment principle[] animating th[e] [apex] doctrine" is particularly applicable in the case *sub judice*, where Plaintiff Harapeti has failed to make any showing that Mr. Friend has unique personal knowledge of any of the allegations relevant to Harapeti's discrimination claims in the Florida Action. *See* Motion (ECF No. 1) at 7–22; Reply (ECF No. 10) at 7–9.

Accordingly, while the Florida Supreme Court's codification of the apex doctrine in the Florida Rules of Civil Procedure is not binding on this Court, Movants respectfully submit that the Florida Supreme Court's rationale and explanation of the principles undergirding the doctrine are persuasive and otherwise applicable in the context of the Motion.

Respectfully submitted this 27th day of August, 2021.

> BAKER & MCKENZIE LLP
> *Attorneys for CBS Television Stations, Inc.*
> 452 Fifth Avenue
> New York, NY 10018
> Telephone: (212) 626-4100
> Facsimile: (212) 310-1632
>
> By: /s/ *Blair J. Robinson*
> Blair J. Robinson, Esq.
> New York Bar No. 5361209
> blair.robinson@bakermckenzie.com
>
> Paul C. Evans, Esq.
> New York Bar No. 5824438
> paul.evans@bakermckenzie.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 27, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via email.

By: /s/ *Blair Robinson*
Blair J. Robinson, Esq.

## SERVICE LIST

### IN RE: MOTION TO QUASH SUBPOENA
### FOR DEPOSITION SERVED ON DAVID FRIEND

### CASE NO. 21-mc-00680

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

Related Case Pending in the United States District Court
for the Southern District of Florida styled *Silva Harapeti
v. CBS Television Stations Inc., et al.*, No. 20-cv-22995-KMW


Peter M. Hoogerwoerd, Esq.
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Suite 2200
Miami, Florida 33130
pmh@rgpattorneys.com
Phone: (305) 416-5000
Facsimile: (305) 416-5005

– *and* –

Shelly L. Friedland, Esq.
TRIEF & OLK
750 Third Avenue, Suite 2902
New York, NY 10017
sfriedland@triefandolk.com
Phone: (212) 486-6060
Facsimile: (212) 317-2946
*Attorneys for Silva Harapeti*


David M. Pohl, Esq.
PARKER POHL LLP
99 Park Avenue, Suite 1510
New York, NY 10016
david.pohl@parkerpohl.com
Phone: (212) 202-8886
*Attorney for David Friend*