UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SILVA HARAPETI, | | |
| | Plaintiff, | 21 Misc. 680 (PAE) |
| -v- | | |
| | | ORDER & OPINION |
| CBS TELEVISION STATIONS INC., et al. | | |
| | Defendants. | |

PAUL A. ENGELMAYER, District Judge:

CBS Television Stations Inc. ("CBS"), joined by David Friend ("Friend"), moves to

quash a subpoena from Silva Harapeti ("Harapeti") directed to Friend.  The Court finds that the

apex doctrine applies and, pursuant to that doctrine, grants the motion to quash the subpoena.

I.      **Background**

A. **Florida Action**

The present motion arises from the case of *Silva Harapeti v. CBS Television Stations,*

*Inc., et al.*, No. 20 Civ. 22995, which was initiated on May 26, 2020, and is pending before the

United States District Court for the Southern District of Florida (the "Florida Action").  There,

Harapeti, who previously worked as a freelance news reporter and producer at WFOR-TV, a

CBS-owned and -operated television station located in Miami, brings claims of age and gender

discrimination under the Equal Pay Act 1936, 29 U.S.C. §§ 206, *et seq.* ("EPA"), Title VII of the

Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"),

and the Florida Civil Rights Act of 1992 ("FCRA").  Harapeti originally filed her claim as a

putative class action, but the Florida Court denied Harapeti's motion for conditional certification

and the designated magistrate judge has issued a Report & Recommendation recommending

dismissal of all collective action claims. *See* No. 20 Civ. 22995, Dkts. 64, 73. The Report & Recommendation is currently pending before the District Judge in the Florida Action; Harapeti has not objected to it. *See* 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1.

In the course of discovery in the Florida Action, Harapeti served Friend, a former CBS executive based in this District, with a subpoena calling for deposition testimony.

### B. Procedural History

On August 18, 2021, CBS filed a motion to quash the subpoena. Dkt. 1 ("Def. Mem."). CBS argued that Friend was not obliged to respond because the service of the subpoena did not comply with Federal Rule of Civil Procedure 45(b). CBS further argued that the subpoena should be quashed because Friend lacks personal or unique knowledge about Harapeti's allegations, and because the apex doctrine protects executive and former executives such as Friend from depositions where the would-be deponent lacks knowledge of the relevant issues.

On August 24, 2021, Harapeti filed an opposition. Dkt. 7 ("Opp'n"). Harapeti argued that CBS lacked standing to contest the subpoena to Friend because it does not represent him. *Id.* at 2. Harapeti also defended service as proper. Finally, Harapeti argued that the apex doctrine does not protect Friend because he is no longer a CBS employee and because his testimony is, assertedly, relevant.

On August 26, 2021, Friend filed a notice of joinder, in which he "join[ed] and adopt[ed]" CBS's motion, Dkt. 9 ("Joinder Mot."), and on the same day, CBS filed a reply, Dkt. 10 ("Reply"). On August 30, 2021, the Court issued an order notifying the parties that it intended to grant CBS's motion and quash the subpoena, with an opinion to follow. Dkt. 12. This is that opinion.

## II.    Discussion

At the threshold, CBS and Friend argue that Harapeti's service of the subpoena on Friend —which CBS and Friend state consisted of "leaving a copy [of it] with a doorman . . . who was not authorized to accept service . . . . at Mr. Friend's non-permanent residence"—did not comply with Rule 45(b).  Def. Mem. at 9.  Because the Court grants the motion to quash on the merits, the Court assumes arguendo that service was proper.[1]

As to the merits, CBS and Friend move to quash based on the apex doctrine, which supplies "an additional layer of protection for senior corporate executives subject to depositions." *Iowa Pub. Emps.' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 17 Civ. 6221 (KPF), 2020 WL 6273396, at *1 (S.D.N.Y. Aug. 28, 2020) (quoting *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015)).  Under this doctrine, unless the executive "has unique evidence, personal knowledge of the claims at issue," and "other witnesses are incapable of providing testimony about the conduct alleged," executives are safeguarded from depositions.  *Id.*  CBS and Friend argue that the doctrine applies here because Friend does not have unique or personal knowledge of the claims at issue in the Florida Action, as Friend has stated in a sworn statement.  *See* Def. Mem. at 18; *Office Depot, Inc. v. Elementum Ltd.*, No. 19 Civ. 81305, 2020 U.S. Dist. LEXIS 167215, at *8 (S.D. Fla. Sept. 14, 2020) ("[A] party seeking to depose a high-ranking corporate officer has the burden to demonstrate that the executive: (1) has unique, non-repetitive, first-hand knowledge of the facts at issue; and (2) that other less intrusive means of discovery . . . have been exhausted without success."); *Iowa Pub. Emps.' Ret. Sys.*, 2020 WL 6273396, at *1 (quashing subpoena where executive "submitted a

---

[1] The Court also has no occasion to consider a threshold issue raised by Harapeti: that CBS lacks standing to contest the subpoena issued to Friend because CBS does not represent him. With Friend's having joined CBS's motion, that objection is moot.

3

sworn declaration stating that he has 'no personal knowledge of the specific facts concerning this litigation,'" plaintiff failed to "first s[eek] any discovery from lower-level employees," and failed to "demonstrate that [the executive's] testimony is required").

In response, Harapeti makes two arguments.

First, she argues that the apex doctrine does not apply because Friend is a *former* executive. That is wrong, under the law in the Eleventh Circuit, which controls insofar as the subpoena was issued in the Southern District of Florida.[2] As courts in that circuit have held, the apex doctrine extends to former executives because "[t]he standards that govern depositions of corporate executives apply with equal force to former executives." *Rodriguez v. SLM Corp.*, 2010 U.S. Dist. LEXIS 29344, at *6 (D. Conn. Mar. 26, 2010) (quashing deposition subpoenas of two former executives); *see Cruz v. Green*, No. 18 Civ. 60995, 2019 U.S. Dist. LEXIS 180197, at *8–9 (S.D. Fla. Feb. 7, 2019) ("[A] former high ranking public official . . . is entitled to heightened protection from deposition even after leaving that office, similar to the ongoing protections afforded to former executives in the private sector."); *ADT LLC v. Vivint, Inc.*, No. 17 Civ. 80432 (DMM), 2017 U.S. Dist. LEXIS 216970, at *3–4 (S.D. Fla. Aug. 31, 2017) (granting protective order to prevent depositions of three former corporate officials where the petitioners failed to "exhausted less intrusive methods"). Courts in this Circuit have held similarly. "Courts must be vigilant so that CEOs (and former CEOs) and those in control of large institutions are not subjected to the burdens of discovery without a showing that they are likely to have information useful to the litigation that cannot fairly and with less burden be found elsewhere." *In re Effecten-Spiegel AG*, 18 Misc. 93 (DLC), 2018 U.S. Dist. LEXIS 135838, at

---

[2] *See In re Ramaekers*, 33 F. Supp. 2d 312, 316 (S.D.N.Y. 1999) ("[C]ourts have uniformly applied the law of the circuit in which the subpoena issued.").

*4 (S.D.N.Y. Aug. 10, 2018) (granting motion to quash deposition of former chairman and chief executive officer); *see Rodriguez*, 2010 U.S. Dist. LEXIS 29344, at *6 (citing *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 04 Civ. 5316 (RMB) (MHD), 2006 WL 3476735, at *12 (S.D.N.Y. Nov. 30, 2006), in support of "disallowing deposition because defendant could not 'show that [lower level witness] was unable to answer questions that [defendant] proposes to ask [former general manager]'"); *id.* (citing *In re Blackstone Partners, L.P.*, No. 04 Civ. 7757 (NRB) 2005 WL 1560505, at *3 (S.D.N.Y. Jul. 1, 2005), as "affirming bankruptcy court order quashing subpoena to former senior managing director at non-party partnership, which 'would be cumulative and would subject [non-party partnership] to undue burden'").

Harapeti points to just one case in support of her argument, from a district court in Kansas. *See* Opp'n at 4 (citing *Van Den Eng v. Coleman Co., Inc.*, 2005 WL 3776352 (D. Kan. 2005) (stating that deponent's status as former employee "militat[ed] against the application of the [a]pex doctrine")). That case is an outlier. In any event, Harapeti does not persuasively explain why the apex doctrine should not apply to former executives. As the overwhelming body of case law, including from courts in the Eleventh and Second Circuits, reflects, the purpose of the policy, to prevent needless harassment on account of the deponent's executive status, applies to former executives, too. *See Cruz*, 2019 U.S. Dist. LEXIS 180197, at *3.

Harapeti's second argument is that Friend has information relevant to Harapeti's claims in the Florida Action, and that, in compliance with the doctrine, Harapeti first attempted to obtain such information from lower-level employees. But Harapeti has not persuasively supported this assertion. Her claims are that, based on her age and gender, she received lower pay, was denied promotion, and was discriminated against, by her supervisors at WFOR-TV. But Harapeti has failed to substantiate that Friend has personal knowledge of her circumstances. Harapeti points

to news articles suggesting that some other individuals have alleged Friend discriminated against other women. But these do not suggest that Friend has knowledge of facts relating to Harapeti's treatment, or indeed any knowledge about her employment at WFOR.

Harapeti also claims that during depositions of lower-level employees, "key witnesses . . . testified as to Friend's knowledge regarding her allegations." Opp'n at 4–5. In support, Harapeti supplied the Court with deposition excerpts. *See id.* at 5–9. For example, Harapeti points to a deposition of WFOR's news director, a Ms. Roldan, who attested that she would get a second opinion from Friend about certain candidates' applications. Opp'n at 7–8. Be that it may, the excerpt does not state that such was the case with respect to Harapeti. No excerpt has been furnished to the Court in which a deponent stated that Friend had personal knowledge of Harapeti's employment or pay while at WFOR or of promotion decisions relating to her. And Friend has attested under oath that he does not have any such knowledge. Harapeti has not mustered evidence to the contrary, or even evidence that Friend ever discussed Harapeti's employment with others.

The Court thus holds that the apex doctrine applies to the subpoena and protects Friend from needing to sit for a deposition. *See Sun Capital Partners v. Twin City Fire Insurance Co.*, 310 F.R.D. 523, 529 (S.D. Fla. Sept. 15, 2015) (denying deposition where petitioner failed to show the prospective deponent "possesses unique, personal knowledge about the facts of this case that cannot be obtained from less burdensome means"); *Brown v. Branch Banking & Trust Co.*, No. 13 Civ. 81192, 2014 U.S. Dist. LEXIS 7721, at *7 (S.D. Fla. Jan. 22, 2014) (barring deposition until plaintiffs "demonstrate that [deponent] possesses unique, personal knowledge" of the claims at issue); *see also Effecten-Spiegel AG*, 2018 U.S. Dist. LEXIS 135838, at *4 (quashing subpoena where "[p]etitioners have not made a showing that any deposition of [the

executive] would not be redundant with the sworn statement he has already provided, or that he has any unique personal knowledge relevant to the . . . litigation"); *Milione v. City University of New York*, 950 F. Supp. 2d 704, 714 (S.D.N.Y. 2013) (precluding deposition of City University of New York Chancellor who "affirmed by affidavit that he has no personal knowledge of Plaintiff's employment, and the record does not indicate otherwise"); *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 07 Civ. 9580 (HB), 2008 U.S. Dist. LEXIS 97862, at *5 (S.D.N.Y. Dec. 2, 2008) (precluding deposition where executive's "affidavit states that he has no unique personal knowledge that is germane to the case, [and] is supported by the [record] . . . nor [does] the evidence suggests that [executive's] testimony would be relevant and non-duplicative"); *Pullano v. UBS/Paine Webber, Inc.*, No. 03 Civ. 6313, 2007 U.S. Dist. LEXIS 103817 at *6 (W.D.N.Y. Mar. 21, 2007), *aff'd,* 2007 U.S. Dist. LEXIS 38857 (May 29, 2007) (barring deposition of executive where "plaintiff has failed to demonstrate that [executive] has 'some unique knowledge' pertinent to the real issue in this case").

## CONCLUSION

For the foregoing reasons, the Court grants CBS's motion, joined by Friend, to quash the subpoena. The Clerk of Court is respectfully requested to close the motion pending at docket 1 and to terminate this case.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: September 2, 2021
New York, New York